331·15   332·15   333·15   334·15
335·15   336·15   337·15   338·15
339·15
340·15

P.D.R. CASE NO. 0331-15, 0332-15
0333-15, 0334-15, 0335-15, 0336-15
0337-15, 0338-15, 0339-15, 00340-15

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

ORIGINAL

WILLIAM ARTHUR MCINTOSH
Petitioner, Pro Se

V.

STATE OF TEXAS
Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 26 2015

Abel Acosta, Clerk

ON PETITION FOR DISCRETIONARY REVIEW FROM
THE TENTH DISTRTICT COURT OF APPEALS
MEMORANDUM OPINION OF APPELLATE
COURTS ORDER DATED
MARCH 5, 2015
RELATING TO OUT-OF-TIME
MOTION FOR NEW TRIAL IN
APPELLATE CAUSE NO.'S 10-15-00055CR, 10-15-00056-CR,
10-15-00057CR, 10-15-00058CR, 10-15-0059CR,
10-15-00060CR, 10-15-00060CR, 10-15-00063CR,
10-15-00064CR

FILED IN
COURT OF CRIMINAL APPEALS

MAY 26 2015

Abel Acosta, Clerk

ORIGINAL PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENT: not REQUESTED

WILLIAM ARTHUR MCINTOSH
PETIONER, PRO SE
F.M. ROBERTSON UNIT
x10011 12071 F.M. 3522
Abilene, Texas 79601

Petioner , Pro Se
    William Arthur McIntosh
    Robertson Unit
    12071 F.M. 3522
    Abilene, Texas 79601

Respondent's Counsel
    Patrick Wilson
    District Attorney
    Ellis County
    109 S. Jackson
    Waxahachie, Texas   75165

District Judge
Bob Carroll
Courts Building
109 S.Jackson St. 3rd Floor
Waxahachie, Texas 75165


Honorable LisaC. McMinn
State Prosecuting Attorney
Price Daniel Sr. Bldg.
209 W. !4th St. Rm 202
P.oO. Box 12405 , Capitol Station
Austin, Texas 78711-2405

## TABLE OF CONTENTS

IDENTIFY OF PARTIES.........................................ii
TABLE OF CONTENTS..........................................iii
INDEX OF AUTHORITIES........................................iv

STATMENT REGARDING ORAL ARGUMENT.............................1

STATEMENT OF THE CASE........................................2

STATEMENT OF PROCEDURAL HISTORY..............................3

GROUND FOR REVIEW...........................................3
    The Appellate erred by failing to review the record, and/or to request petitioenr to show cause why they should look at the record. TheAppellate Court cites several cases in the Memorandum (Appendix B) that each and every one of them referred to the record. As well as review the ineffective assistance of counseol and Brady violations. [Please note: Petitioenr requested Designation of the Clerks Record from the Trial Court and has not had access to it to make specxific record citations.]

REASON FOR REVIEW...........................................6

ARGUMENT....................................................4

PRAYER......................................................9

VERIFICATION,..............................................10

CERTIFICATE OF SERVICE.....................................10

Appendix...................................................11
    Appendix A...............................................11
    Appendix B...............................................14
    Appendix C...............................................17

# INDEX OF AUTHORITIES

Abbott v. State, 271 S.W. 3d (TEx.Crim.App. 2008)......................7
Callis v. State, 756 S.W. 2d 497 (Tex.App.-Houston[1stDist]1988 no.pet.8
Cooks v. State, 240 SW 3d 906 (Tex.Crim.App. 2007)....................5
Dykes v. State, 2008 Tex.App. Lexis 8488(Not Published)...............6
Everett v. State, 91 S.W. 3d 386 (Tex.App. Waco 2002 no pet)..........7
Funk v. State, 188 S.W. 2d 229 (Tex.App. Fort Worth 2006).............7
Graves v. State, 2005 Tex.App. Lexis 1035(not published).............7
Jackson v. State, 2011 Tex.App. Lexis 8603 (not published)...........6
Johnson v. State, 169 S.W. 3d 223 (Tex.Crim.App. 2005)...............7
        cert. denied ----U.S.---, 126 S.Ct. 1355, 164L.Ed.2d 66(2005)
Kombindo v. State, 171 S.W. 3d 104 (Tex.Crim.App. 2000)..............9
Oldham v. State, 977 S.W.2d 354 (Tex.Crim.App. 1998).................5
Roberts v. State, 2012 Tex.App. Lexis 6431 (Not Published)...........6
Schaired v. State, 786 sw 2d 497 (Tex.App.-Houston[1st.Dist.] 1990 no.pet)........8
State ex rel Cobb v. Godfrey, 739 SW2d 47 (Tex.Crim.App. 1987)...............8
Trevino v. State, 565 SW.2d 938 (Tex.Crim.App. 1978.................5,7
Trevino v. Thaler, 133 S.Ct. 1911, 185L.Ed. 2d 1044(2013)................4,9
Trevino v. Thaler, Brief for respondent, 2013U.S.S.CT. Briefs Lexis 205.....4,5
United States V. Cronic, 466U.S. 648, 104 S.Ct. 2039,
                    80 L.ED. 2d 657 (1984)..........................8


Texas Rules Appellate Procedure

2(b)........................................................4,8,9
31(a).........................................................8
37.2..........................................................6
44.3..........................................................6
47.1..........................................................9
66.3(a)(b)(c)(d)(f)...........................................4,2
66.4(a).......................................................9
69.1..........................................................9
69.2..........................................................9


CODE OF CRIMINAL PROCEDURE

11.07.......................................................3,8
11.07§4.......................................................9
11.073........................................................3
64............................................................3

Abbott v. State, ............................................................
Callis v. State, ............................................................
Cooks v. State, ............................................................
Dykes v. State, ............................................................
Everett v. State, ............................................................
Funk v. State, ............................................................
Graves v. State, ............................................................
Jackson v. State, ............................................................
Johnson v. State, ............................................................
............................................................
Romobndo v. State, ............................................................
Obran v. State, ............................................................
Roberts v. State, ............................................................
Sanchez v. State, ............................................................
State ex rel John v. Bodkey, ............................................................
Trevino v. State, ............................................................
Trevino v. Shuler, ............................................................
Trevino v. Shuler, Brief for respondent, ............................................................
United States v. Cronic, ............................................................
............................................................

Texas Rules Appellate Procedure

9(a) ............................................................
38(a) ............................................................
37.1 ............................................................
44.3 ............................................................
47.1 ............................................................
66.3(a)(b)(2)(A)(5) ............................................................
68.4(a) ............................................................
90.1 ............................................................
......... ............................................................

CODE OF CRIMINAL PROCEDURE

11.07 ............................................................
11.074 ............................................................
11.073 ............................................................
......... ............................................................

## STATEMENT REGARDING ORAL ARGUMENT

This case presents issues (Grounds) which are novel and unresolved by any court in Texas, to date. The reslting exoneration of the Petitioner and the total exposure of the underlying miscarriage of justice resulting in the Petitioner's wrongful conviction for Aggravated Sexual Assault and Indencncy with a child. As Such, the Petitioner respectfully begs this most Honorable Court to permit Oral Argument by and through competent Court Appointed Counsel.

ORAL ARGUMENT: REQUESTED

| | | |
|---|---|---|
| William Arthur McIntosh<br>        Petitioner | § | PDR Case no. 0331-15, 0332-15,<br>0333-15, 0334-15, 0335-15, 0336-15<br>0337-15, 0338-15, 0339-15, 0340-15 |
| V. | § | Appeal no. 10-15-00055CR<br>10-15-00056Cr, 10-15-00057CR<br>10-15-00058Cr, 10-15-00059Cr<br>10-15-00060CR, 10-15-00061CR |
| THE STATE OF TEXAS<br>        Respondent | § | 10-15-00062CR, 10-15-00063Cr<br>10-15-00064Cr |
| | | Trial Court No. 20084Cr,<br>20085CR, 20086CR, 20087CR,<br>20379CR, 20380CR, 20381CR,<br>20382Cr, 20383CR, 20384Cr |

## PETITION FOR DISCRETIONARY REVIEW

### TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, WILLIAM Arthur McIntosh, "Petitioner," Pro Se, and respectfully files this his Petition for Discretionary Review seeking reversal and remand of the Tenth District Court of Appeals Memorandum Opinon dated March 5, 2015 and all other subsequent orders/mandates therfrom, pursuant to Tex. R. App. P. 66.3(a),(b),(c),(d), (f) , 68 and 69.1 and would further show the Court the following Grounds in support there of:

### I.

### STATEMENT OF THE CASE

(A). The Petitioner was wrongfully convicted fo he offense of Aggravated Sexual Abuse and Indecency with a child and there after sentenced to thirty-five (35) years in the Texas Department of Criminal Justice- Institutional Divsision. After accepting a plea bargain based on ineffective assitance of counsel.

(B). Petitioner hsa filed five 11.07 writ of habeas corpus which were denied without written order.

2

**IN THE**
**COURT OF CRIMINAL APPEALS**
**AUSTIN, TEXAS**

William Arthur McIntosh
Petitioner

v.

THE STATE OF TEXAS
Respondent

FOR Case no. 0331-15, 0332-15,
0333-15, 0334-15, 0335-15, 0336-25
0337-15, 0338-15, 0339-15, 0340-18

Appeal no. 10-15-00058CR
10-15-00058CR, 10-15-00059CR
10-15-00059CR, 10-15-00059CR
10-15-00060CR, 10-15-00061CR
10-15-00062CR, 10-15-00063CR
10-15-00064CR

Trial Court no. 2038SCR,
2008SCR, 2008SCR, 2008?CR,
2037CR, 2038CR, 2038?CR,
2038?CR, 2038?CR, 2038?CR

## PETITION FOR DISCRETIONARY REVIEW

**TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:**

COMES NOW, WILLIAM Arthur McIntosh, _____ (the) _____ respectfully files this petition for discretionary review asking this honorable _____ to this court of appeals decision _____ [illegible] _____

**I.**

## STATEMENT OF THE CASE

(1) the Petitioner was charged ___ that this is a _____ of appeals _____ [illegible] _____

thirty-five (35) _____ in the Texas _____ of Criminal Justice.

[illegible]

(2) Petitioner was _____
James Arthur _____.

(C). The Petitioner filed an original Chapter 64 D.N.A. testing under the belief that ther was biological material to be tested. No evidence was found to have existed and the motion was dismissed.

(D). After receiving the attorney-client file from the appointed DNA attorney (Joe Gallo) Petitioenr discovered several interesting facts that were unknown to him. Petitioner then sought and received some affidavits from experts on a pro bono basis. These affidavits do not meet the exacting requirements necessary to file a 11.07 or 11.073 writ but do raise the question of ineffective assistance of counse as well as petitioners guilt.

## II.

### STATEMENT OF PROCEDURAL HISTORY

The Petitioner filed for direct appellate review of the trial courts o letting his out-of-time Motion for new trial be overruled by operation of law 75 days after filing and presentment. In the memorandum opinion dated March 5, 2015 (Appendix B) No record was ever sent ot the Appeallte court.

## III.

### GROUND FOR REVIEW

The Appellate Court erred by failing to review the record, and /or to request petitioenr to show cause why they should look at the record. The Appellate Courtcites several cases in the Memorandum (Appendix B) that each and every one referred to the record. As well asreview the ineffective assistance of counsel and Brady violations. [Please note: Petitioner requested designation of Clerks record from trial court and has not had access to it to make specific record citations.]

## REASON FOR REVIEW

The Tenth District Court of Appeals decision (Appendix B) conflicts with the case they cite in that the memorandum opinion s cited all had the record available. In the Petitionert's case they had no record avaiilable and missed any possibility of why they should and could review the case to determine if any extraordinary circumstances were shown that would give them cause to utilize rRule 2(b) in order to expand the time limit for filing a motin for new trial and ask the trial court to conduct a hearingion the issues. The Appellate Court has so far departed from the accepted and usual course of judicial proceedings as to call for an excercise of this most Honorable Court's power of supervision. TEX.R.APP.P. 66.3(a)(b)(c)(d) and (f).

## IV.

## ARGUMENT

Petitioner has filed this petition for Discretionary Review because he feels that the Appellate Court is in error or not asking the Petitioner to show cause, or for not asking to review the record. By not doing so they have violated the recent sSupreme Court decision handed down in **Trevino v. Thaler.** In **Trevino v. Thaler,** 133 S.Ct. 1911; 185 L.Ed. 2d 1044 (2013) it was highlighted that, "the role of state habeas corpus in 'expanding the trial court record' and allowing sufficient time to develope [habeas] claim[s]".

When the State of Texas briefed **Trevino v. Thaler,** supra, they said that its courts should be the first to consider claims defaulted by the action of States habeas attorney's. ""Given this holding, Texas submits that its courts should be permitted in the first instance, to decide the merits of Trevino's ineffective assistance of counsel claim.") The circumstances of State habeas counsel performance is also an issue best addressed in th efirst instance by the Texas Courts in light of **Trevino.** See **Brief for Respondent,**

4

*Trevino v. Thaler*, No. 11-101189, 2013 U.S. S.Ct. Briefs Lexis 205, 2013 WL 189940 at 59. Stated that "Recognizing that Texas Courts have a proven track record of having once defaulted claimns on the merits under appropriate circumstances.'"

"Respondent argues that Texas Courts enforce the relevant time limits more flexibly than we have suggested. Sometimes for example, an appellate court can abate an appeal and remand the case or further record developement in the trial court." See *Cooks V. State*, 240 S.W. 3d 906 (Tex.Crim. App. 2007). But the procedural possiblities to which Texas now points seem special, limited in their application, and as far as we can tell rarely used. Id at !113 S.Ct. 1920.

The State of Texas quotes from *Cooks v. State*, 240 S.W. 3d 906 (Tex.Crim. App. 2007) whcih states, "Although we have held that a hearing on a motion for new trial is a critical stage, *Trevino v. State*, 565 S.W. 2d 938, 940 (Tex.Crim. App. 1978) this court has never addressed the question of whether or not the time for filing the motion is . See *Oldham v. State*, 977 S.W. 2d 354, 360 (Tex.Crim. App. 1998)(Explicitly declining to decide whether time for filing motion for new trial is a critical stage.")

It would , on the surface appear to Petitioner, that the State would like an opportunity to look at cases involving ineffective assistance of counsel. the Petitioner readily admits that he has been cited or writ abuse and his new evidence is not strong enough for a section four determination. In a motion for new trial , which is what is being discussed in *Cooks*, supra, and in how it would apply to Mr. Trevino is at odds with the Rules since Mr. Trevino is way past the thirty day tim elimit for filing a motin for new trial yet that seems to be what the State is asking him to do in the

5

Supreme Court. In that light Petitioner has filed an out of time motion for new trial which was overruled by operation of law 75 days after filing and presentment. Petitioner then filed his notice of appeal.

The Tenth Court of Appeals in Waco sent Petitioner a docketing statement for him to fill out (See Appendix A). He then returned it to the ocurt. A few days later he then received the memorandumstating that ppellatte court had no jurisdiction (See Appendix B). In the cases the appellate court cites everyone of them had been either asked to show cause or had the records sent to the Appellate court to be reviewed. Unlike what happened in this case.

In **Roberts v. State,** no 10-12-00075CR, 2012 Tex. App. Lexis 6431, at *6 (Tex.App. - Waco Aug. 2, 2012, no. Pet.)(Mem. Op. not designated for publication. The Tenth Court of Appeals sent Roberts a letter questioning jurisdiction.)

In **Jackson v. State,** no. 02-11-00381-CR, 2011 Tex.App. Lexis 8603, at **1-3 (Tex. App. - Forth Worth Oct. 27, 2011, pet. ref'd)9Mem. Op., not design ignated for publicATION) Jackson asked to appeal an out of time motion for new trial. Court replied that they have no jurisdiction "and invited Jackson or any party to file a response showing grounds for continuing an appeal."

In **Dykes v. State,** No. 12-08-00412CR, 2008 Tex.App. Lexis 8488 at *1(Tex.App. - Tyler Oct. 31, 2008, No. Pet. ) Mem.op., not designated for publication)(Per curiam) ""On October 16, 2008, The thrird Court of Appeals notified appellant that theinformation recieved in these appeals does not include a final judgemnt or other appealable order adn therefore does not show the jurisdiction of this court. See Tex. R. App. P. 37.2 Appellant was further notified that the appeal would be dismssied unless the information was amended on or bnefore October 27, 2008 to show jurisdiction of this court. See Tex. R. App. P. 44.3."

In **Graves v. State**, No. 14-05-00034-CR, 2005 Tex. App. Lexis 1035, at ** 1-3 (Tex. App. - Houston [14th Dist] Feb. 10, 2005, no. pet.)(Mem.OP., Not Designated for Publication)(Per Curiam)(The denial of a motion for new trial is not a seperately appealable order. Moreover, the record on file with this court does not demonstrate that the trial court had jurisdiction to consider an out of tim emotion for new trial.)

In **Abbott v. Texas**, 271 S.W. 3d 694 (Tex. Crim. App. 2008) was briefed after the appeal was granted by the court.

In **Everett v. State**, 91 S.W. 3d 386 (Tex.App. - Waco 2002, no. pet.) does not expressly say that a copy of the record was reviewed but it does say, "The trial court denied the motion and Everett appealed."

Upon reviewing the above mentioned cases it should be noted that Petioner filed a "Defendants Request for Designation of the Clerks Record." (See Appendix C) Though to Petioiner's knowledge no record was ever sent to the appellate court regarding this out of time motion for new trial, though it was no fault of the clerk. So how did the appellate court determine it had no jurisdiction over this matter?

Sincer Petitioner raised ineffective assistance of counsel in his out of time motion for new trial, it oculd be questioned whether he had effective assistance of counsel during this critical stage (after conviction). In **Funk v. State**, 188 S.W. 3d 229 (Tex. Appp. - Fort Worth 2006) "The Court of Criminal Appeals has held that the proper remedy when a defendant is denied counsel at a hearing on a motion for new trial is to allow anout of time hearing on the motion at which the appellate may be represented by counsel. n. 13. See **Trevino v. State**, 565 S.W. 2d 938, 941 (Tex.Crim. App. 1978); see also **Johnson v. State**, 169 S.W. 3d 223, 232 (Tex.Crim.App. 2005 holding that harmless error beyond a reasonable doubt standard of review is inappriate for error flwing soley from defense counsel, cert. denied __U.S.__, 126

7

S.Ct. 1355, 164 L.Ed. 2d 66 (2005)). With Petitioenr claiming he had ineffective assistance of counsel during his trial , would it not also be safe to say that he had no counsel afterwards wither. "The Supreme Court of the United States held that 'if counsel entirely fails to subject the prosecutions case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversarial process itslef presumptively unrealable.'" **United States v. Cronic,** 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984). Of course the Tenth Court of Appeals does not know this because they chose finality over accuracy.

The TenthCourt ofAppeals should have looked at the record and/or asked for petitioenr to show cause why they should look at the record. Even though, "the time for filing a motion for new trial has expired. Tex. R. App. P. 31(a). In an appropriate case, for good cause shown, this court may suspend requirements and provisions of any rule in a particular case on application of a party or on our own motion and may order proceedings in accordance with our direction. Tex.R.App. P. 2(b), (80(c). This includes abating an appeal for an out of time motion for new trial. **Schaired v. State,** 786 S.W. 2d 497, 498 (Tex.App. - Houston [1st Dist.] 1990 no. pet.); **Callis v. State** , 756 S.W. 2d 826, 827 (Tex.App. - Houston [1st Dist.] 1988, no. pet.) cf. **State ex Rel Cobb v. Godfrey,** 739 S.W. 2d 47, 49 (Tex.Crim. App. 1987)(TriaL court had no jurisdiction to rule on motion for new trial after it had been overruled by operation of law, and Court of Criminal Appeals would not utilize Rule 2(b) in absence of a good cause.)"

TheAppellate court did not request appellant to show why a Ruyle 2(b) exception should be considered they just issued a memorandum based on the Docketing Statement. This case stood on the issue of ineffective assistance of counsel with new evidence to support the claim and a Brady claim. Petitioner is unable to file a 11.07 habeas corpus because his new evidence

8

is not of a quality , yet, to overcome a 11.07 §4 hurdle and needs to be developed to meet the habeas levels required for a succesive wit. It does though raise doubt o fthe attorney effectiveness in his trial. Had Petitioner been allowed to brief the issues, the Appellate Court would have seen the issues and could have determined that a Rule 2(b) exception in this would be a viable option for the AppellateCourt to take. It should also be noted that if the Tenth Court of Appeals had done so they would be more inline with what the State ofTexas stated in **Trevino v. Thaler**, supra, especially since the State rquested that Texas be Allowed to handle these ineffective assistance of counsel claims in State Court first.

It should be noted that this court has made it very clear to intermiediate appellate courts inside its holdings in **Kombindo v. State**, 171 S.W. 3d 104, 108(Tex.Crim. App. 2000), that under TEX.R.APP.P. 47.1 "[T]he court ...must hand down a written opinion that is as brief as practible but that addresses evry issue raised and necessary to final disposition of the appeal." Herein, Appendix B the Appellate court fails to do that in fact they based this Memorandum on nothing more than the docketing statement (Appendix A) Which states no issues raised in the appeal.

This Court should order th eClerk of the Tenth Court ofAppeals to promptly sen this ocurt all items necessary to aid in deciding whether to grant this Petion for Discretionary review TEX.R.APP.P. 66.4(a), then grant this petiotion further by setting this case for submission and briefing under TEX.R.APP. P. 69.1 and 69.2

## IV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays this Court would Grant his Petition for Discretionary REview. In the alternative this court within its power grant an out of time appeal.

## V.

### VERIFICATION

I, WILLIAM Artthur MCINTOSH, TDCJ-Id no. 688254, eing presently

incarcerated in th eF.M. Robertson Unit of the TDCJ-CID system in Jones County

Texas; do hereby verify and declare under penalty ofperjury that the foregiong

Petition and its statements and attached Appendices are all true and correct

as well as beinf offeredin good faith.

Sworn to on this the 30th day of April 2015.

Respectfully Submitted,

William Arthru McIntosh
Petitioner, pro se
F.M. Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

## VI.
### CERTIFICATE OF SERVICE

Pursuant to TEX.R.APP.P. 68.11 I hereby certify that a true and correct copy of the foregoing Petition and its attached Appendices were mailed to the below listed parties of interest, via 1st class mail postage prepaid,m on this the 30th dayof April 2015.

Petitioenr Pro se.
William Arthur McIntosh

Honorable Lisa C. McMinn
State Prosecutting Attorney
Price Daniel Sr. Bldg.
209 W. 14th St. Rm. 202
P.o. Box 12405, Capitol Station
Austin, Texas 78711-2405

Patrick Wilson
Ellis County Distri Attorney
109 S. Jackson
Waxahachie, Texas 75165-3745

10

Appellate Docket Number: _____

Appellate Case Style: _____

# DOCKETING STATEMENT (CRIMINAL)

Tenth Court of Appeals
McLennan County Courthouse
501 Washington Ave., Rm 415
Waco, Texas 76701
(254) 757-5200

[to be filed in the court of appeals upon perfection of appeal
under TRAP 32]

| I.   Parties (TRAP 32.2(a)): | |
|---|---|
| Appellant (or Appellee, if State is appealing):<br>**William Arthur McIntosh**<br><br><br>(*See* note at bottom of page) | Co-defendant(s):<br><br>**None**<br><br><br>(*See* note at bottom of page) |
| Trial Attorney:<br><br>**pro se**<br><br>Appointed ☐   Retained ☐ | Appellate Attorney:<br><br>**pro se**<br><br>Appointed ☐   Retained ☐<br><br>If appointed, was a hearing on indegency held?<br><br>Yes ☐      No ☒ |
| Address:<br>**TDCJ-ID no. 688254**<br>**Robertson Unit**<br>**12071 F.M. 3522**<br>**Abilene, Texas 79601** | Address:<br><br>**no attorney** |
| Telephone Number:<br>(include area code)   **N/A** | Telephone Number:<br>(include area code)     **N/A** |
| Fax Number:<br>(include area code)   **N/A** | Fax Number:    **N/A**<br>(include area code) |
| Email:<br>    **N/A** | Email:   **N/A** |
| SBN (lead counsel):<br>    n/a | SBN (lead counsel):<br>    **N/A** |
| If not represented by counsel, provide appellant's (appellee's, if State is appealing) address, telephone number, and fax number. | |

- 1 -

**12**

## II. Perfection Of Appeal, Judgment And Sentencing (TRAP 25.2, 32.2(b), (d), (f), (g), (h), (i), (j), (k)):

| | |
|---|---|
| Date trial court imposed or suspended sentence in open court or date trial court entered appealable order:<br><br>**March 03, 2015**<br>**Overruled by operation of law**<br><br>(Attach a copy showing signature, if possible)<br><br>Date notice of appeal filed in trial court:<br>**2-19-15**<br><br><br>(Attach file-stamped copy; if mailed to the trial court clerk, also give the date of mailing)<br><br>**Do not have filed stamp copy**<br>**Date mailed   2-15-15** | Was a certificate of Defendant's Right of Appeal signed by the trial court?<br><br>**Not yet**<br><br>Yes ☐          No ☐<br><br>(Attach a file-stamped copy of the certification)<br><br>Was the Certification of Defendant's Right of Appeal in the record at the time the notice of appeal was filed?<br><br>Yes ☐          No ☒<br><br>Does the Certification of Defendant's Right of Appeal show a right to appeal?<br><br>**Don't have**<br>Yes ☐          No ☐ |
| Offense charged: **Motion for new trial out of time** | Punishment assessed:          **N/A** |
| Date of offense:          **n/a**<br><br><br><br>Defendant's plea:          **N/A**<br><br><br><br><br>If guilty, does Defendant have the trial court's permission to appeal?<br><br>**N/A**<br><br><br>Was the trial jury or nonjury?  **No Trial**<br><br>Guilt or innocence phase:          **N/A**<br><br>Jury ☐          Nonjury ☐<br><br>Punishment phase:          **N/A**<br><br>Jury ☐          Nonjury ☐ | Is the appeal from a pretrial order?          **no**<br><br>Yes ☐                    No ☒<br><br>If yes, please specify:<br><br><br><br>Does the appeal involve the validity of a statute, rule or ordinance?<br><br>Yes ☐          No ☒<br><br>If yes, please specify:<br><br><br><br>Will you challenge this Court's jurisdiction?  If yes, explain.<br><br>**NO** |

**III.     Actions Extending Time To Perfect Appeal (TRAP 32.2(e)):**

| Action | Filed Check as appropriate | | Date Filed |
|---|---|---|---|
| Motion for New Trial | No ☒ | Yes ☐ | |
| Motion in Arrest of Judgment | No ☒ | Yes ☐ | |
| Other (specify): Out of Time Motion for New Trial | No ☐ | Yes ☒ | 12-18-14 |

**IV.     Indigency Of Party (TRAP 32.2(n)):** (Attach file-stamped copy of motion and affidavit)

| Event | Filed Check as appropriate | | Date | N/A |
|---|---|---|---|---|
| Motion and affidavit filed | No ☐ | Yes ☒ | 2-19-15 | |
| Date of hearing: Unknown | No ☐ | Yes ☒ | | |
| Date of order: None yet | | | | |
| Ruling on motion: None yet Granted ☐     Denied ☐ | | | | |

**V.     Trial Court And Record (TRAP 32.2(c), (l), (m)):**

| Court: 40th Judicial District Court | County: Ellis County | Trial Court Docket Number (Cause No.): 20084 CR, 20085 CR, 20086 CR 20087 CR, 20379 CR, 20380 CR, 20381 CR 20382 CR, 20383 CR 20384 CR |
|---|---|---|

| Trial Judge (who tried or disposed of case): Hon. Bob CARROLL | District/County Clerk: Melanie Reed |
|---|---|
| Telephone Number: (include area code) 972-825-5060 | Telephone Number: (include area code) 972-825-5091 |
| Fax Number: (include area code) 972-825-5061 | Fax Number: (include area code) |
| Address: 109 South Jackson St Waxahachie, Texas, 75165 | Address: 109 South Jackson St Waxahachie, Texas 75165 |

| Clerk's Record Yes ☒ | Will request ☐ (Note: No request required under TRAP 34.5(a), (b)) Was requested on: 2-19-15 | Clerk's fee has been paid or satisfactory arrangements have been made: Yes ☒     No ☐ If no, explain: |
|---|---|---|

- 3 -

13

All court reporters/records who recorded any portion of the record must be listed:

Court Reporter/ Recorder:

Court Reporter/Recorder:

Telephone Number: **N / A**
(include area code)

Telephone Number: **N / A**
(include area code)

Fax Number:
(include area code)

Fax Number:
(include area code)

Address:

Address:

(Attach additional sheet if necessary for additional court reporters/recorders)

| Length of trial (approximate): | Reporter's fee has been paid or satisfactory arrangements have been made: Yes ☐ No ☐ |
|---|---|
| No hearing held | If no, explain: No hearing was held |

| Reporter's or Recorder's Record (check if electronic recording ☐) | None ☒ | Will request ☐ | Was requested on: |

**VI. Related Matters:**
List any pending or past related appeals before this or any other Texas appellate court by court, docket number, and style.

NONE

**VII. Other Information:** NONE
Please give any other information helpful to process this appeal (see attachments, if any).

*William Arthur McIntosh*

**VIII. Signature:**

*William Arthur McIntosh*
_____

Date: **3-2-15**

Signature of counsel
(or pro se party)

State Bar No.: **none**

Printed Name: William Arthur McIntosh

**IX. Certificate of Service:**

The undersigned counsel certifies that this docketing statement has been served on the following lead counsel for all parties to the trial court's order or judgment as follows on PATRICK WILSON 2015. Sent 3-3-15 VIA U.S Mail

To Patrick Wilson
Ellis County District Attorney
109 S. Jackson St
Waxachic, Texas 75165

*William McIntosh*
Signature

(TRAP 9.5(e) requirements stated below; use additional sheets, if necessary)

**Note: Certificate of Service Requirements (TRAP 9.5(e)):** A certificate of service must be signed by the person who made the service and must state:
    (1)     the date and manner of service;
    (2)     the name and address of each person served; and
    (3)     if the person served is a party's attorney, the name of the party represented by that attorney.



# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00055-CR
No. 10-15-00056-CR
No. 10-15-00057-CR
No. 10-15-00058-CR
No. 10-15-00059-CR
No. 10-15-00060-CR
No. 10-15-00061-CR
No. 10-15-00062-CR
No. 10-15-00063-CR
No. 10-15-00064-CR

**WILLIAM ARTHUR MCINTOSH,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20084CR, 20085CR, 20086CR, 20087CR, 20379CR,
20380CR, 20381CR, 20382CR, 20383CR and 20384CR

## MEMORANDUM OPINION

In his notice of appeal covering ten appellate cause numbers, appellant, William McIntosh, states that he wishes to appeal from the denial of his out-of-time motion for new trial stemming from his February 7, 1994 convictions for six counts of indecency with a child and four counts of aggravated sexual assault.[1]

With very limited exceptions, we may only exercise jurisdiction in criminal cases over appeals from final judgments, and we may not exercise jurisdiction over a trial court's denial of a motion for an out-of-time motion for new trial. *See, e.g., Taylor v. State*, No. 03-12-00174-CR, 2013 Tex. App. LEXIS 1381, at *2 (Tex. App.—Austin Feb. 12, 2013, no pet.) (mem. op., not designated for publication); *Roberts v. State*, No. 10-12-00075-CR, 2012 Tex. App. LEXIS 6431, at *6 (Tex. App.—Waco Aug. 2, 2012, no pet.) (mem. op., not designated for publication) (noting that defendant's claims could be raised in a post-conviction habeas proceeding); *Jackson v. State*, No. 02-11-00381-CR, 2011 Tex. App. LEXIS 8603, at **1-3 (Tex. App.—Fort Worth Oct. 27, 2011, pet. ref'd) (mem. op., not designated for publication); *Dykes v. State*, No. 12-08-00412-CR, 2008 Tex. App. LEXIS 8488, at *1 (Tex. App.—Tyler Oct. 31, 2008, no pet.) (mem. op., not designated for publication) (per curiam); *Graves v. State*, No. 14-05-00034-CR, 2005 Tex. App. LEXIS 1035, at **1-3 (Tex. App.—Houston [14th Dist.] Feb. 10, 2005, no pet.) ("The denial of a motion for new trial is not a separately appealable order. Moreover, the record on file with this court does not demonstrate that the trial court had jurisdiction to consider an out-of-time motion for new trial.") (mem. op., not designated for

---

[1] Appellant notes that he filed his out-of-time motion for new trial on December 18, 2014, and that it was overruled by operation of law.

publication) (per curiam). We therefore dismiss these appeals for want of jurisdiction.[2]
*See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (stating that the standard for determining jurisdiction is not whether an appeal is precluded by law, but whether an appeal is authorized by law); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (noting that the court has jurisdiction over criminal appeal only when expressly granted by law); *see also Graves*, 2005 Tex. App. LEXIS 1035, at **2-3.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 5, 2015
Do not publish
[CRPM]



---

    [2] A motion for rehearing may be filed within fifteen days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days after either the day of the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See id.* at R. 68.2(a).

McIntosh v. State                                                            Page 3

# INMATE CORRESPONDENCE

William A. McIntosh # 688254                    Date: 2-24-15
Robertson Unit
12071 F.M. 3522
Abilene, TX 79601


Reg: Cause # 20084CR, 20085CR, 20086CR, 20087CR, 20380CR,
        20381CR, 20382CR, 20383CR, 20384CR , 20379CR


The following item(s) have been filed and presented to the Judge for review
in the above cause number:


2-19-15     Defendant McIntosh's Notice of Appeal

2-19-15     Declaration of Inability to Pay Cost

2-19-15     Defendant's Request for Designation of the Clerk's Record


                                    R. Ford, Deputy Clerk

# IN THE
## COURT OF CRIMINAL APPEALS
### AUSTIN, TEXAS

WILLIAM ARTHUR MCINTOSH
Petitioner

VS.

THE STATE OF TEXAS
Respondent

§
§ PDR CASE NO. 0331-15, 0332-15,
§ 0333-15, 0334-15, 0335-15, 0336-15
§ 0337-15, 0338-15, 0339-15, 0340-15
§
§ Appeal no. 10-15-00055CR
§ 10-15-00056CR, 10-15-00057CR,
§ 10-15-00058CR, 10-15-00059CR,
§ 10-15-00060CR, 10-15-00061CR,
§ 10-15-00062CR, 10-15-00063CR,
§ 10-15-00064CR
§
§ TRIAL COURT NO. 20084CR,
§ 20085CR, 20086CR, 20087CR,
§ 20379CR,,20380CR, 20381CR
§ 20382CR, 20383CR, 20384CR
§

## MOTION TO SUSPEND TEX.R.APP.P. 9.3 - PURSUANT TO TEX.R.APP.P. 2

### TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, William Arthur McIntosh, "Petitioner", pro se, and respectfully files this his MOTION TO SUSPEND TEX..R.APP.P. 9.3 - PURSUANT TO TEX.R.APP. P. 2 and would furhter show this most Honorable Court the following:

### I.

This Most Honorable Court has Jurisdiction over the parties and subject matter pursuant to TEX.R.APP.P. 68.

### II.

Texas Rules of Appellate Procedure 9.3 requires that Petitioner file the original and eleven (11) copies of his pro se Petition for Discretionary Reviewto this Court. The Petitioner is proceeding In Forma Pauperis has has limited assistance from the free world. The required number of copies, on top of serving the listed parties in interest would cause a severe hardship on Petitioner. Texas Rules Appellate Procedure 2 allows this most Honorable Court, for good cause shown, to suspend TEX.R.APP.P. 9.3 and allow for a lesset number of copies to be filed.

WILLIAM ARTHUR ACKMOSH
Petitioner

VS.

THE STATE OF TEXAS
Respondent

COA CASE NO. 0331-15, 0332-15,
0333-15, 0334-15, 0335-15, 0336-15
0337-15, 0338-15, 0339-15, 0340-15

Appeal no. 10-15-00173-CR
13-15-00173-CR, ........., . . )
10-15-00058CR, 10-15-00059CR,
10-15-00060CR, 10-15-00061CR,
10-15-00062CR, 10-15-00063CR,
10-15-00064CR

TRIAL COURT NO. 2029CR,
2009CR, 2036CR, 2037CR,
3027CR, 2038CR, 2032CR,
2038CR, 2038CR, 2039CR

MOTION TO SUSPEND TEX.R.APP.P. 9.1 – PURSUANT TO TEX.R.APP.P. 2 &&

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, William Arthur Ackmosh, Petitioner, pro se, and respectfully files this Motion to Suspend the Texas Rules of Appellate Procedure, pursuant to Tex.R.App.P. 2, and for cause shows the following:

I.

This Most Honorable Court has jurisdiction that the parties in dispute further pursuant to Art.V § 5.

II.

Under Tex.R.App.P. Appellate provisions are required that plainly state all pleadings and every (1) copies of the parties in the District Court this County...

...

## III.

The petitioner makes this motion in good faith and not for purposes to harass Respondent onr this Most Honorable Court.

## IV.

**WHEREFORE, PREMISES CONSIDERED,** the Petitioner respectfully prays this Most Honorable Court would Grant this Motionthereinafter SUSPENDING required number of copies under TEX.R.APP.P. 9.3 and allow Petitioner to file only the original plus three (3) copies of his Pro se PDR in this case.

## V.

I, william Arthur McIntosh, TDCJ no. 688254, being presently incarcerated in the F.M. Robertson Unit of the TDCJ-CID system, in Jones County, Texas: Do hereby verify and declare under penalty of perjury that the foregoing Motion and Statements made herein are all true and correct made in Good Faith.

Sworn to on the 30th day of April, 2015.

Respectfully submitted,

William Arthru McInths, pro se
Robertson Unit
12071 F.M. 35222
Abilene, Texas 79601

## VI.

I hereby certify that a true and correct copy of the foregoing motion has been served upon the below listed parties via 1st class mail, postage prepaid, on the 30th day of April, 2015.

Petitioner, pro se
William Arthur McIntosh
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Honorable Lisa C McMinn
State Prosecuting Attorney
Price Daniel Senior Bldg.
201 W. 14th St. RM. 202
P.O. Box 12405, Capitol Station
Austin, Texas 78711-2405


Honorable Patrick Wilson
Ellis County District Attorney
109 S. Jackson
Waxahachie, Texas 75165-3745